UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 16-81383-WRS
                                                         Chapter 13
JASON ALAN HUBBARD,

    Debtor

*CORRECTED*
**MEMORANDUM DECISION**

This Chapter 13 case came before the Court for an evidentiary hearing on the objection to confirmation of plan filed by 21st Mortgage Corporation ("Bank") (Doc. 17) on March 8, 2017. The Debtor was present in person and by counsel Larry G. Cooper, Jr; the Bank was present by counsel Kristofor D. Sodergren; and Chapter 13 Trustee Sabrina McKinney was present. For the reasons set forth below, the Bank's objection is sustained and confirmation of the plan is denied.

**I. FACTS**

In 2007, Debtor Jason Allen Hubbard purchased a mobile home, financing the purchase price and related costs in the amount of $47,399.00. The indebtedness is secured by a security interest in the mobile home and a mortgage on the land upon which the mobile home sits, in Chambers County, Alabama. The loan went into default and, on April 13, 2016, the Bank conducted a foreclosure sale on the land, at which time it purchased the property. On May 13, 2016, the Bank brought suit against the Debtor in the Circuit Court of Chambers County, Alabama, seeking to eject the Debtor from the property.[1]

The Debtor filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on October 19, 2016. The Debtor did not file a Chapter 13 Plan within 14 days of the date of the

---

[1] 21st Mortgage Corp. v. Jason A. Hubbard, Case No. CV-2016-900058.

petition as required by Bankruptcy Rule 3015. On November 9, 2016, the Clerk sent a Notice of Dismissal, providing that the case would be dismissed in 21 days unless a Plan was filed. (Docs. 6, & 10). On November 28, 2016, the Debtor filed a Plan. (Doc. 12). On November 29, 2016, the Debtor filed an Amended Plan. (Doc. 13). Neither Plan contains a Certificate of Service showing that it had been served on parties in interest as required by Local Rule 3015-1. Both the Bank and the Trustee have filed objections to the Plan. (Docs. 17 & 22).

The Debtor proposes to "cure and maintain" the indebtedness to the Bank under his Plan. (Doc. 13). The Bank objects contending that the Debtor's right to "cure and maintain" terminated at the time of the foreclosure sale. The Debtor responds, contending that there is no valid foreclosure sale and, therefore, he still has a right to "cure and maintain" under the Code. In support of this contention, the Debtor testified at the March 8th hearing that he did not receive any of the foreclosure notices sent by the Bank or their lawyers.

The Court does not accept the Debtor's testimony concerning his nonreceipt of notices from the Bank. The Bank offered evidence of mailings made September 28, 2015, March 8, 2016, and April 19, 2016, (Bank Exhibits 6, 8, & 13), all of which pertain to default and foreclosure. The notices were all properly addressed and the Court accepts the proffer of the testimony of the Bank representative that they were duly mailed at the time they were prepared. Indeed, the Debtor did not dispute that the notices were prepared and mailed as represented by the Bank. The Debtor testified that he has a mailbox at his residence and that he receives mail addressed to him. Nevertheless, the Debtor contends he did not receive the notices. Having

-2-

Case 16-81383    Doc 39    Filed 03/28/17    Entered 03/28/17 14:23:51    Desc Main
Document    Page 2 of 9

examined the documents, having heard the testimony of the Debtor and his wife and having considered their demeanor, the Court rejects the Debtor's contention that he did not receive the notices sent by the Bank and their lawyers.

## II.  LAW

### A.  Jurisdiction and Core Proceeding

This Court has jurisdiction to hear this proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(L).  This is not a final order.  Bullard v. Blue Hills Bank, 135 S.Ct. 1686, 1688 (2015).

### B.  Chapter 13 Plan Confirmation

Chapter 13 of the Bankruptcy Code permits an individual to file a plan to pay his debts, or a portion of his debts over time, and keep his property.  See, Bullard v. Blue Hills Bank, 135 S.Ct. 1686, 1686 (2015).  One provision of Chapter 13, commonly resorted to by debtors, permits a debtor to "cure" a default on his home mortgage and "maintain" payments, thereby allowing him to keep his residence.  11 U.S.C. § 1322(b)(5) provides as follows:

> . . . [a Debtor may]  provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

Prior to 1994, the Code did not state when a debtor lost his right to cure and maintain. In 1994, Congress amended the Code, adding § 1322(c)(1), which provides as follows:

> . . . a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) *until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law*.

11 U.S.C. § 1322 (c)(1) (emphasis added).

Thus, it is clear enough under the Code as it now stands that a debtor may not cure a mortgage delinquency after the property is "sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law."

In this case, the Bank has offered evidence that it properly conducted its foreclosure sale on April 13, 2016. (Bank Ex. 12). As the Debtor did not file his petition in this case until October 19, 2016, six months after the foreclosure sale, he may not "cure and maintain" the mortgage delinquency provided that the sale was conducted in accordance with applicable nonbankruptcy law. If the foreclosure sale conducted by the Bank in this case, was made in accordance with Alabama law, its objection should be sustained. In re Connors, 497 F.3d 314, 318–19 (3rd Cir. 2007) (debtor loses the right to cure a default when the gavel falls); McCarn v. WYHY FCU (In re McCarn), 218 B.R. 154, 160–61 (B.A.P. 10th Cir.); In re Morgan, 2006 WL 2338147, Case No. 06-30531 (Bankr. M.D. Ala. Aug. 9, 2006) (Williams, B.J.); In re Fothergill, 293 B.R. 263 (Bankr. S.D. Fla. 2003); In re Cottrell, 213 B.R. 378 (Bankr. M.D. Ala. 1996) (Steele, B.J.); In re Sims, 185 B.R. 853, 863–66 (Bankr. N.D. Ala. 1995) (section 1322(c)(1) prohibits debtor from reinstating mortgage after the foreclosure sale); see also Commercial Fed. Mtg. Corp. v. Smith (In re Smith), 85 F.3d 1555, (11th Cir. 1996) (holding that debtor could not

-4-

"cure and maintain" mortgage after foreclosure sale in case decided prior to effective date adding § 1322(c)(1)).

### C. Burden of Proof on Chapter 13 Plan Confirmation

The procedural posture at Chapter 13 confirmation determines who carries the burden of proof. The debtor bears the burden of proof on the question of whether his plan should be confirmed. In re Santiago, 404 B.R. 564, 570 (Bankr. S.D. Fla. 2009); In re Pearson, 398 B.R. 97, 102 (Bankr. M.D. Ga. 2008); In re Snipes, 314 B.R. 898, 901 (Bankr. S.D. Ga. 2004); In re Baird, 234 B.R. 546, 550 (Bankr. M.D. Fla. 1999).

When a creditor files an objection to confirmation of a Chapter 13 Plan, it bears the burden as to any issues raised in its objection. In re Santiago, 404 B.R. 564, 569 (Bankr. S.D. Fla. 2009); In re Brown, 244 B.R. 603, 608 (Bankr. W.D.Va. 2000); In re Blevins, 150 B.R. 444, 445–46 (Bankr. W.D. Ark. 1992). The Bank carried its burden here. It informed the Court that it was objecting to the Debtor's "cure and maintain" proposal on the grounds that it foreclosed on the property prior to the bankruptcy filing. At the evidentiary hearing, the Bank offered proof that it conducted a foreclosure sale, in accordance with applicable nonbankruptcy law, on April 13, 2016, months prior to the Debtor's bankruptcy filing.

However, the Debtor argues that the foreclosure was not conducted in accordance with Alabama law as notice of the sale was not personally served on the Debtor. The Debtor cites no law supporting this contention and the Court is aware of none.[2] Alabama Law requires that

---

[2] It strikes the Court as ironic that the Debtor would fail to send copies of his Chapter 13 Plan to the Bank, as required by Local Rules, and yet seek relief by accusing the Bank of failing to make personal service of the notice of sale—notwithstanding the fact that there is no law or

notice of the foreclosure sale be published in a newspaper for three consecutive weeks. Ala. Code 1975 § 35-10-13. The Bank offered proof of publication, in accordance with Alabama law, of the notices of sale. (Bank Exhibits 9, 10, & 11). Moreover, the mortgage signed by the Debtor in this case calls for any notice to be mailed to the Debtor by first class mail. (Bank Ex. 15, Mortgage, Para. 15).[3] Notices were sent by the Bank to the Debtor, by first class mail, on August 28, 2015; March 8, 2016; and April 19, 2016. (Bank Exhibits 6, 8, & 13). The Court concludes that the foreclosure sale conducted by the Bank here was properly conducted under Alabama law. See, In re Sharpe, 391 B.R. 117, 139 (Bankr. N.D. Ala. 2008) (concluding that foreclosure sale was properly held where actual notice was given). The Debtor's argument—that the sale was invalid because notice was not personally served on him—is without merit.

### III. CONCLUSION

The Bank objects to the Debtor's Plan, contending that he may not cure and maintain the mortgage as the property was sold, in accordance with applicable nonbankruptcy law, at a foreclosure sale prior to the bankruptcy filing. The Debtor contends that the sale was not valid as notice of the sale was not personally served on him. As the Debtor has not cited any authority for

---

contractual requirement that it do so. Local Bankruptcy Rule 3015-1.

[3] Paragraph 15 provides, in part, that "[a]ll notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail."

Case 16-81383    Doc 39    Filed 03/28/17    Entered 03/28/17 14:23:51    Desc Main
Document      Page 6 of 9

*this position*, and as the Court is aware of none, the Bank's objection is sustained and confirmation of the Plan is denied. The Court will schedule a hearing by way of a separate order.

Done this 28th day of March, 2017.

/s/ Willi R.

United States Bankruptcy Judge

c: Larry G. Cooper, Attorney for Debtor
   Kristofor D. Sodergren, Attorney for 21st Mortgage Corp
   Sabrina L. McKinney, Acting Trustee